HAMPSHIRE v. WOOLLEY, Judge.

No. 4507.   Decided June 23, 1928.   (269 P. 135.)

G. A. *Iverson,* of Washington, D. C., and *L. Eggertsen Cluff,* of Salt Lake City, for plaintiff.

*Shirley S. Atkin,* of Mt. Pleasant, for defendant.

HANSON, District Judge.

This is an original petition to this court for a writ of prohibition against Hon. Dilworth Woolley as judge of the district court of the Seventh judicial district for Sanpete county, state of Utah. Upon the petition of the plaintiff herein an alternative writ was issued.

So far as is necessary to the decision and for a full determination of the question involved, the facts set out in the petition are as follows: Hon. Dilworth Woolley is the judge of the district court of Sanpete county, state of Utah; that Charles Hampshire died intestate on the 25th day of March, 1922, at the home of Blenda Hampshire, the plaintiff herein, who, at the time of the death of the deceased, and for a long time prior thereto, was the plural wife of said deceased; that on the 11th day of March, 1926, letters

of administration of the estate of said Charles Hampshire, deceased, were duly issued to Byron Hampshire, a son of the deceased, by order of said Hon. Dilworth Woolley as judge of the district court of said county; that in the course of his administration of said estate said Byron Hampshire, as administrator thereof, filed his petition with the clerk of said district court, in the probate division thereof, wherein said administrator charged that at the time of the death of the deceased the plaintiff, wrongfully, and without right of title thereto, took into her possession, and still retains under her control, two certificates representing 16 shares of stock in the North Creek Irrigation Company, a corporation organized to manage and distribute the water of North creek, Sanpete county, Utah, the value of said stock being $1,200; that said certificates to the water stock belonged to the estate of said deceased. Said administrator further alleges that, notwithstanding he has made demand upon the plaintiff for the possession of said certificates of stock, she has refused, and does now refuse, to deliver the same to him, and that she has wrongfully and fraudulently embezzled, converted, and appropriated the same to her own use.

Whereupon a citation was issued in the matter of said estate by the said Dilworth Woolley, as judge of the district court aforesaid, directing the plaintiff to appear before said court on the 18th day of June, 1926, and show cause why she should not be directed to turn over to said administrator said certificates of water stock; that said citation was duly served upon the plaintiff; and that at the time and place fixed therein the plaintiff appeared and there and then testified under oath that said certificates of stock were her own property, that said certificates had been delivered to her by said Charles Hampshire, deceased, prior to his death, for a valuable consideration and with the purpose and intent to transfer all right, title, and ownership in and to said stock to the plaintiff, and that by reason thereof she is the owner and entitled to the possession thereof. Thereupon the court made an order, over the plaintiff's objection,

requiring the plaintiff to file a written answer to the allegations contained in the administrator's application for the citation, that on June 24, 1296, the plaintiff made a written answer and filed the same with the clerk of said court, and by said answer the plaintiff admits that she had in her possession the 16 shares of stock in the North Creek Irrigation Company, but denies that said certificates came into her possession wrongfully or without right and without title, and alleges that said certificates of stock were conveyed and delivered to her by the deceased prior to his death for a valuable consideration passing from her to said Charles Hampshire, and that she thereby became the rightful owner and holder and entitled to the exclusive possession of said stock. Thereupon said cause was set down and noticed for trial on October 19, 1926, at which time the administrator was given leave to file a reply to the answer of the plaintiff and the court ordered that the case be set down for trial upon the issue of ownership in and title to said stock upon the application for citation, the answer thereto, and the reply of said administrator. Counsel for plaintiff then and there objected to any further proceedings in the matter upon the ground that the court in said summary proceedings or in any other proceeding in probate was without authority and jurisdiction to try ownership or title to said stock, and that the issue of title could not be joined and tried in said proceedings. The court overruled said objections and announced its intention to hear and determine the title to and ownership of said stock in said probate proceeding.

At this point in the case counsel for plaintiff herein obtained a stay of proceedings to enable him to apply to this court for a writ of prohibition and upon the petition of plaintiff an alternative writ was issued by this court. The defendant filed a general demurrer to the plaintiff's petition, and the only question involved in the case is raised by said demurrer to the petition.

Neither party favored the court with a brief and only counsel for the defendant appeared at the oral argument on the demurrer. In his argument counsel for the defendant contended that, as there is no separate probate court in this state, and inasmuch as the district courts are invested with jurisdiction in probate matters, the court in this case had jurisdiction of the subject-matter; that under section 7733 of the Compiled of Laws of 1917, hereinafter referred to, by the service of the citation on the plaintiff the court acquired jurisdiction of the parties, and thus, having jurisdiction of the subject-matter and of the parties, could properly proceed in the probate proceedings to hear and determine the issues of title and the right of ownership to the stock in question.

A person's rights and the relief which he may be entitled to are based upon and measured by the established rules of law and procedure. The court may have jurisdiction over the subject-matter and of the parties, and still the judgment or decree be void because the procedure employed by the court was such that the court was not authorized to exert its power in that way. In the case of *Anthony* v. *Kasey*, 83 Va. 338, 5 S. E. 176, 5 Am. St. Rep. 277, the court said:

"Now it is essential to the validity of a judgment or decree that the court rendering it shall have jurisdiction of both the subject-matter and parties. But this is not all, for both of these essentials may exist and still the judgment or decree may be void, because the character of the judgment was not such as the court had the power to render, or because the mode of procedure employed by the court was such as it might not lawfully adopt. On this subject Mr. Justice Field has this pertinent observation: 'Though the court may possess jurisdiction of a cause, of the subject-matter and of the parties, it is still limited in its modes of procedure and in the extent and character of its judgments. * * * A departure from established modes of procedure will often render the judgment void.' *Windsor* v. *McVeigh*, 93 U. S. 282 [23 L. Ed. 914]." *Wright et al.* v. *Atwood et al.*, 33 Idaho 455, 195 P. 625; Freeman on Judgments (4th Ed.), § 120C, p. 196; *Gili* v. *Wood*, 32 Idaho 752, 188 p. 36; *Seamster* v. *Blackstock*, 83 Va. 232, 2 S. E. 36, 5 Am. St. Rep. 262.

In the case of *Stockyards National Bank* v. *Bragg* (Utah) 245 P. 966, in a decision written by Mr. Justice Straup, this court said:

"It is a familiar doctrine that, though a court may have jurisdiction of subject-matter and of person and thus power to hear and determine, still in a cause may act, or make an order or render judgment beyond or in excess of jurisdiction—do something which it had no power to do."

The remedy invoked by the administrator in the district court and the procedure which the court proposed to employ is based upon section 7733 of the Compiled Laws of Utah of 1917, and is a part of the Probate Code of this state. Said section is here set out in full:

"The court may require any person suspected of having taken wrongful possession of any of the effects of the deceased, or of having had such effects under his control, to appear and submit to an examination under oath touching such matters; and if on such examination it appears that he has the wrongful possession of any such property, the court may order the delivery of the same to the executor or administrator of the estate."

The above section provides special proceedings for the disclosure of assets belonging to the estate under the following circumstances: (1) Where a person is suspected of having taken wrongful possession of any of the effects of the deceased; (2) or having had such effects under his control. But it does not expressly provide that the court may hear and determine the right and title to the propery where it is held under claim of title.

The purpose and effect of said statute was to provide a means of discovery of property and effects belonging to the estate. Taken in connection with the subsequent section of the same Code, section 7734, which provides that the appearance of the party served with the citation, and the answers to the questions put to him, and the enforcement of the order requiring him to deliver the property, may be enforced by attachment and

imprisonment, it provides a more speedy and less expensive remedy than is found in the ordinary remedies at law or in equity to compel the production and delivery of property suspected to be concealed or withheld from executors and administrators of estates of deceased persons. It is not a proper remedy to try contested rights and title to property between the executor and others, unless the right to do so is expressly conferred upon the court by statute. This is the holding by the great weight of authority. 2 Woerner's Law of Administration (3d Ed.) § 328, and cases therein cited.

The power conferred upon courts to subpoena and examine parties alleged to have concealed or withheld property of the estate does not authorize such courts to try the title to the property in dispute. 1 Woerner's Law of Administration (3d Ed.) § 151.

The courts of Missouri have held both ways on the questions involved herein, and in the later decisions have taken possibly a contrary view from what is expressed in this opinion. But in the case of *Clinton* v. *Clinton,* 223 Mo. 371, 123 S. W. 1; where the court commits itself to the contrary doctrine, it does so upon the ground that the statutes of Missouri authorize the probate court to determine the question of title, and therefore the decision is in no way contrary to the prevailing authority.

In its decision in the above-mentioned case it says:

"It will be seen from the foregoing summary of statutes and cases that the adjudications in other jurisdictions can lend little assistance in the attempt to ascertain the object and effect of our statutes, in consequence of the wider scope of the procedure these provide and the use of materially different language—language suggestive of an intention to create a new method of both discovery and recovery."

### Again:

"In our opinion, this legislation was not enacted merely to provide a method of investigating the good-faith of a person who detains

assets, but to provide also a remedy by which detained assets could be brought quickly into the course of administration."

We hold that under the provisions of sections 7733 and 7734 of the Probate Code of this state the court is not given the power to hear and determine the title ■ to property where the same is held under a claim of title, and as stated in the case of *Wright* v. *Atwood,* supra:

"The extent and nature of a power depend upon the terms in which it is confered, and it will not be enlarged because exercised by courts clothed with general jurisdiction; and a judgment by a tribunal without authority, or which exceeds or lies beyond its authority, is necessarily void."

The writ may issue. No costs to be awarded.

THURMAN, C. J., and CHERRY, STRAUP, and HANSEN, JJ., concur.

HANSON, District Judge, sat in lieu of FRICK, J.