# GLOVER v. GLOVER.

No. 7527.   Decided March 25, 1952.   (242 P. 2d 298.)

See 27 C. J. S., Divorce, sec. 168. Judgment, distinction between intrinsic and extrinsic fraud for collateral attack upon. 31 Am. Jur., Judgments, sec. 654; 88 A. L. R. 1201.

*Stewart, Cannon & Hanson, Elliott Lee Pratt* and *Ernest F. Baldwin, Jr.,* all of Salt Lake City for appellant.

*Romney, Boyer & Bertoch,* Salt Lake City, for respondent.

WOLFE, Chief Justice.

This is an action seeking to modify a prior divorce decree on the basis of extrinsic fraud. Plaintiff appeals from an order sustaining a demurrer to her Third Amended Complaint and Petition to Show Cause, based on the grounds that there were: (1) Lack of jurisdiction over the subject matter of the action; and (2) Failure to state facts sufficient to constitute a cause of action.

Plaintiff alleges that shortly before she obtained her divorce in 1944, the defendant (her husband) induced her to quitclaim to him her interest in property held by them as joint tenants; that the property, worth $15,000, was purchased with the joint earnings of the parties while they were husband and wife; that the quitclaim deed was given without payment of any consideration, plaintiff relying on her husband's statements that he wanted the deed for purposes of convenience in handling the title so he could sell the land more readily; and that defendant promised to pay plaintiff one-half the proceeds. A day or two after the deed was given, plaintiff obtained a default divorce (August 3, 1944). The divorce decree did not mention the real property. It was not included in the property settlement. The pleading alleges that plaintiff's failure to men-

tion or include the property was due to the misrepresentations and conduct of the defendant in agreeing to dispose of the property and pay plaintiff her equitable share; that defendant fraudulently and deceitfully prevented the matter of settlement of the parties' property rights to come before the court and be determined by the court at the time the divorce was granted.

The allegations are that after her divorce, plaintiff moved to Montana and thereafter the defendant continued to mislead her into believing that he would sell the property or have it appraised and pay her one-half its value. The plaintiff returned to Salt Lake City in 1947 and for the first time was notified that defendant refused to acknowledge her interest in the property and stated that all he owed her was the $10 recited as consideration in the quitclaim deed.

On August 9, 1947, plaintiff filed a petition for an order to show cause why the deed from plaintiff to defendant should not be set aside or why the defendant should not be required to pay a sum equal to one-half the present value of the said premises. The amended complaint and petition seek in the alternative to have the defendant declared a constructive trustee of her equitable share of the property. The defendant, by his general demurrer, subjected himself to the jurisdiction of the court.

The pleadings were filed under the same docket number as the divorce suit. The defendant contends that plaintiff is entitled to no relief from or modfication of the divorce decree on the ground of alleged fraud of the defendant in preventing plaintiff from making a disclosure of facts to the court concerning the property when she obtained the divorce decree upon the defendant's default. Defendant argues that the divorce decree was granted to the plaintiff and having been successful in obtaining all the relief sought, she cannot claim to be the victim of extrinsic fraud. But inducement not to seek a distribution of the property in

the divorce decree is the very act of extrinsic fraud which is now urged in plaintiff's complaint. To determine whether the alleged act of fraud is to be legally classed as extrinsic or intrinsic is the issue before us.

In *Weyant* v. *Utah Savings & Trust Co.* 54 Utah 181, 201, 182 P. 189, 197, 9 A. L. R. 1119, we said: ■

"This court has also held that judgments and decrees entered by courts of competent jurisdiction, where jurisdiction of the subject of the action and if the person has been legally acquired, can only be assailed on direct appeal or in equity for extrinsic as contra-distinguished from intrinsic fraud."

It is stated by the author of the A. L. R. Annotation, Vol. 113, page 1235:

"Extrinsic fraud must consist of some act ulterior to the merits of the proceeding out of which the judgment arose, by which the party attacking the judgment was prevented from presenting his case *or was induced not to present it.* Such fraud consists of something done by the successful party, preventing the adverse party from presenting all of his case to the court, so that there was, in fact, no adversary trial or decision of the issue in that case." (Italics added.)

In Vol. 88 A. L. R., page 1201, we find:

"This rule is based upon the underlying principles that there must be an end to litigation, and that an issue which has been tried and passed on by the first court should not be retried in an action for relief against the judgment, since otherwise litigation would be interminable; whereas in the case of extrinsic fraud, relief is granted on the theory that such fraud has prevented the unsuccessful party from fully presenting his case, and hence that there has never been a real contest before the court on the subject matter of the suit."

In the leading case upon the subject, *United States* v. *Throckmorton*, 96 U. S. 61, 25 L. Ed. 93, cited by this court in the case of *In re Rice's Estate*, 111 Utah 428, 182 P. 2d 111, 118, the Supreme Court of the United States stated:

"Where the unsuccessful party has been prevented from exhibiting fully his case, by fraud or deception practiced on him by his opponent, as by keeping him away from court, *a false promise of a compromise;*

or where the defendant never had knowledge of the suit, being kept in ignorance by the acts of the plaintiff; * * *—these, and similar cases which show that *there has never been a real contest* in the trial or hearing of the case, are reasons for which a new suit may be sustained to set aside and annul the former judgment or decree and open the case for a new and a fair hearing." (Emphasis added.)

The fact that defendant did not appear to contest the divorce, and that plaintiff obtained all the relief asked, does not mean that she was the successful party insofar as this property was concerned. Nor does anyone assert that the parties' rights in this property were ■ ever litigated. To the contrary, plaintiff did not bring the property to the court's attention because of her reliance upon the private agreement which, as it later turned out, defendant had no intention of keeping. It is stated in regard to extrinsic fraud by Pomeroy's Equity Jurisprudence Vo. 3, 5th Ed., Eec. 919 (b) :

"It must appear that the fraud was practiced in the very act of obtaining the judgment * * * *It is extrinsic* * * * *whether committed on the court or on the opposite party or on both* * * * when its effect is to prevent the unsuccessful party from having a trial or from presenting his case fully, as for instance keeping him away from court by false promise or compromise, or purposely keeping him in ignorance of the pendency of the action." (Italics added.)

We are not causing re-litigation of any issues formerly tried. No inroads upon the doctrine of res adjudicata are being made. We are simply affording plaintiff an opportunity to invoke the powers of a court of general jurisdiction to include within a prior divorce decree ■ the property rights of the parties, normally included therein, but omitted in this case because of the alleged fraud of the defendant. As stated in *Peterson* v. *Budge*, 35 Utah 596, 102 P. 211, 215:

"There is no rule of law more firmly established than that which holds that transactions between persons occupying fiduciary or confidential relations with each other, in which the stronger or superior party obtains an advantage over the other, cannot be upheld."

It is alleged that there was a fiduciary relationship between the parties at the time defendant procured the quitclaim deed from plaintiff a few days before the divorce was obtained.

While it might have been better to bring a separate action seeking to have the defendant declared a constructive trustee of this property by virtue of his fraudulent acts, nevertheless under the doctrine announced in the case of *In re Rice's Estate*, supra, and *McLaren* v. ■ *McLaren*, 99 Utah 340, 106 P. 2d 766, we think in view of the defendant's general appearance that this matter may be adjudicated under the general jurisdiction of the District Court initiated by a pleading entitled a Petition to Show Cause why the prior divorce decree should not be modified so as to include within it the property rights of the parties, omitted therefrom because of extrinsic fraud. The judgment is reversed. Costs awarded to appellant.

McDONOUGH and Wade, JJ., concur.

HENRIOD, Justice (dissenting).

I concur in the views expressed by Judge LEWIS. As pointed out, the main opinion concedes that plaintiff *could* have maintained an independent suit on her claim of fraud or breach of contract. This would seem to be the more orderly procedure, rather than allowing her to proceed in the divorce action itself, where confusing problems of continuing jurisdction, intrinsic fraud, extrinsic fraud, pleading defenses and the like arise. This very case, where the original petition was amended three times only to be defeated four times by successive demurrers, illustrates the point. Such problems generally do not arise in an independent action, where, as is not the case here, the defendant would have the right to be served with process regularly, and would have the statutory time within which to answer.

The prevailing opinion sanctions the trial of an action which admittedly could have been brought independently,

for fraud or breach of contract, in a divorce action long since tried, whose stage was set by plaintiff herself, in which she invoked the jurisdiction of the court and in which she obtained all the relief for which she prayed. It is difficult to see how she could be the unsuccessful litigant, a necessary requirement for relief on the grounds of extrinsic fraud. She should not be permitted to take the position now that her own considered non-disclosure is a basis for equitable relief in the very action where such failure to disclose was indulged. To allow the procedure sanctioned in this decision, in my opinion, would invite excursions by irate ex-wives into the altered domestic realm of ex-husbands, by the simple vehicle of an order to show cause why property settlements of ancient vintage should not be re-examined and re-adjusted.

LEWIS, District Judge (dissenting).

I dissent.

Plaintiff and defendant, in the year 1944 and in contemplation of a divorce, entered into an agreement whereby plaintiff deeded her interest in certain real property to defendant in reliance upon his promise to sell the property and divide the proceeds. Thereupon, a day or so later, she obtained a divorce receiving from the divorce court the complete relief for which she prayed, including an award of all the household furnishings. She did not ask the divorce court to approve her agreement relative to the real estate nor did she disclose to the court the existence of her agreement or the property in question. She now, years later, alleges that the defendant refuses to recognize her interest in the property and applies to the court in the original divorce action for relief. She seeks an order to show cause why a constructive trust should not be delcared under the claim that the divorce court has continuing jurisdiction of the parties and the subject matter. She also seeks an award of attorney fees under the same claim.

The majority opinion holds that under these circumstances the divorce trial and decree were tainted with extrinsic fraud and now subject to direct attack by plaintff. The majority holding, although indicating that extrinsic fraud exists when the *unsuccessful* party is *prevented* from presenting his case, applies the doctrine when the *successful* party *chooses* not to disclose the facts. Inasmuch as the record discloses that defendant's alleged fraud occurred *after* plaintiff had verified her divorce complaint, his promissory fraud, if any, could not, in the writer's opinion, be the basis for modification of a decree based upon that complaint. The true effect of the ruling in the instant case is to have the divorce court enforce an independent property settlement made by the parties. The rule has always been otherwise. *Howarth* v. *Howarth,* 81 Cal. App. 2d 266, 183 P. 2d 670.

The majority opinion recognizes the fact that plaintiff could properly bring a separate action and have her claims fully adjudicated. I do not believe that substantive law should ever be strained in order to justify erroneous procedure and consequently plaintiff should be required to pursue her independent cause of action.

CROCKETT, J., being disqualified, did not participate herein.