1999 UT App 128

**Jeroldene BAYLES nka Jeroldene Bailey, Plaintiff and Appellant,**

v.

**Randee BAYLES, Defendant and Appellee.**

No. 981347–CA.

Court of Appeals of Utah.

April 22, 1999.

Rosalie Reilly, Monticello, for Appellant.

Craig C. Halls, San Jun County Attorney's Office, Blanding, for Appellee.

Before WILKINS, P.J., and DAVIS and JACKSON, JJ.

## OPINION

DAVIS, Judge:

¶ 1  This case is before us on interlocutory appeal. Plaintiff Jeroldene Bayles appeals the trial court's denial of her motion to dismiss defendant Randee Bayles's petition to modify the order of divorce. We reverse.

## FACTS

¶ 2  Plaintiff filed for divorce from defendant in January 1997. During the marriage the parties operated Bayles Exploration, a drilling exploration business. Plaintiff was the bookkeeper of Bayles Exploration and maintained its business records.

¶ 3  Both parties filed opposing Orders to Show Cause. After a hearing on these motions in February 1997, defendant was temporarily awarded the home, from which the business was run, and the business itself. When defendant later undertook the task of sorting through the business records, he discovered several discrepancies. Defendant identified these discrepancies and communicated them to plaintiff's counsel through a letter drafted by his counsel. This letter provided, in pertinent part:

By this letter, I would like to convey my client's concerns with regard to the Bayles Exploration accounts. Prior to 1996 the parties had been judicious, with Jeroldene handling the bookkeeping, on keeping the business and personal matters separated. It seem[s] that beginning in approximately March, 1996, while Randee paid thousands of dollars into the personal account and Jeroldene made approximately $20,000, all of the personal debts of the parties were paid out of the Bayles Exploration account, including in early 1997, double utility payments and double car payments. The upshot of this is that the corporation has been drained of assets, which we believe should be accounted for and an adjustment made in the settlement.

We have made several requests that Jeroldene turn over the business records, but have failed to receive those documents, and so have drafted discovery to force the issue. I don't believe Jeroldene is entitled to retain the original business records and we may bring this issue before the Court.

At the current time we do not have all of the necessary information with regard to necessary adjustments, however, some of the note-worthy items are:

3000 cash kept in the safe in the home[;]

double payments on the car[;]

double utility payments[;]

frozen beef worth approximately $750 which Jeroldene took[;]

telephone charges for February, March and April charged to Randee's card[;]

credit card charges involving personal items which were paid from business funds[;]

cost of preparation of tax returns[;]

liability for corporate taxes for 1996

We feel that Jeroldene should be responsible for at least half of these items, and from this limited list we believe that amount to be in excess of $3500 (her share). If these items are acknowledged by Mrs. Bayles perhaps the matter can proceed expeditiously.

¶ 4  The parties ultimately agreed to a property settlement, and a Stipulation was signed at the end of May 1997. The Stipulation particularly mentioned the items outlined in defendant's counsel's letter:

17.  Defendant waives any claims against Plaintiff with respect to those items listed

in Defendant's attorney's letter dated May 7, 1997, to wit:

   (a) Three Thousand Dollars ($3,000) cash kept in the safe in the home;

   (b) Double payments on the car;

   (c) Double utility payments;

   (d) Frozen beef worth approximately $750;

   (e) Telephone charges for February, March and April, charged to Randee's card;

   (f) Credit card charges involving personal items which were paid from business funds;

   (g) Cost of preparation of tax return;

   (h) Liability for corporate taxes for 1996.

¶ 5   The Stipulation also required that "Plaintiff ... surrender to Defendant any and all records pertaining to the business which she may have in her possession and have not previously been given to Defendant."[1]

¶ 6   The Stipulation was approved by the trial court and incorporated into the Findings of Fact and Conclusions of Law and the Order in re Divorce Settlement, which were signed and entered in June 1997.

¶ 7   The property distribution was problematic. In October 1997, plaintiff filed a motion for an order to show cause, complaining that defendant did not comply with the Stipulation and subsequent order of divorce. Defendant responded by filing a Petition for Modification in November 1997. Defendant's Petition for Modification sought to modify the original property settlement because "Plaintiff took large sums of money out of the corporate bank account in the several months prior to her filing the divorce complaint." Thus, defendant requested he "receive a credit or set-off for said funds against those funds owed by Defendant to Plaintiff as a property settlement."

¶ 8   Plaintiff filed a Motion to Dismiss Defendant's Petition for Modification, arguing that because defendant was well aware that plaintiff may have misappropriated

funds from the business account, the issue was res judicata and was not a substantial change of circumstances, a necessary element for a successful petition to modify a divorce decree. *See Hagan v. Hagan*, 810 P.2d 478, 483 (Utah Ct.App.1991).

¶ 9   In its Ruling on Motion to Dismiss, the trial court stated:

   Neither party has cited any authority expressly addressing whether a difference between the apparent and actual state of affairs at divorce constitutes a change of circumstances. Logically, it would seem that a difference between reality and apparent reality does not constitute a change in circumstances, only a change in perception. If this is true, Randee's only recourse would be to seek to set aside the decree because it was fraudulently obtained. Motions on those grounds are subject to stringent deadlines. Alternatively, Randee might file a separate action for fraud.

¶ 10   Notwithstanding, the trial court reluctantly denied plaintiff's Motion to Dismiss, ruling that it was bound by *Glover v. Glover*, 121 Utah 362, 242 P.2d 298 (1952). Plaintiff then filed a Petition for Permission to Appeal Interlocutory Order, which this court granted.

## ISSUE AND STANDARD OF REVIEW

■   ¶ 11   The trial court's decision to deny plaintiff's Motion to Dismiss was based on its legal conclusion that it was bound by *Glover* to allow a petition to modify a fraudulently obtained divorce decree to proceed. "Because this is a legal, rather than a factual, conclusion, we review the trial court's decision for correctness." *State v. Heaton*, 958 P.2d 911, 914 (Utah 1998).

## ANALYSIS

■   ¶ 12   "The [trial] court has continuing jurisdiction to make subsequent changes or new orders for ... distribution of the property ... as is reasonable and necessary." Utah Code Ann. § 30-3-5(3) (Supp.

---

1.   Presumably, this provision was for the purpose of enabling defendant to continue the business.

The clause does not provide, nor does defendant argue, that the stipulation was open ended.

1998). "[A] party seeking modification of a divorce decree must demonstrate that 'a substantial change in circumstances has occurred since the entry of the decree,'" *Toone v. Toone*, 952 P.2d 112, 114 (Utah Ct.App. 1998) (quoting *Thompson v. Thompson*, 709 P.2d 360, 362 (Utah 1985)), "'and not contemplated in the decree itself,'" *Hill v. Hill*, 968 P.2d 866, 869 (Utah Ct.App.1998) (quoting *Whitehouse v. Whitehouse*, 790 P.2d 57, 61 (Utah Ct.App.1990) (quoting *Naylor v. Naylor*, 700 P.2d 707, 710 (Utah 1985))).

¶ 13 Defendant maintains that his petition to modify is procedurally correct because "[i]t wasn't until after the decree was entered that [he] became aware that substantial assets of the corporation had been withdrawn by forgery or theft and that these assets are alleged to not have been within the contemplation of the court when the property settlement was made." Therefore, argues defendant, he has made a prima facie showing of a substantial change of circumstances necessary to proceed on a petition to modify a divorce decree.

¶ 14 Defendant's allegations against plaintiff in support of his petition to modify sound in tort. Although divorce courts are free to address them, "'[a]ctionable torts between married persons should not be litigated in a divorce proceeding.'" *Masters v. Worsley*, 777 P.2d 499, 503 (Utah Ct.App.1989) (citation omitted). A claim of fraud is considered a tort, and thus is not properly addressed in a petition to modify a divorce decree. *See id.* (stating "the trial court correctly dismissed the fraud claim as being improperly raised in the petition for modification of the divorce decree"); *see also St. Pierre v. Edmonds*, 645 P.2d 615, 617 (Utah 1982) (stating plaintiff "was not entitled to a modification of the divorce decree pursuant to [section] 30-3-5. Although a court has continuing jurisdiction over its decree in a divorce proceeding for ... the division of property," because plaintiff based her claim on fraud, she "did not plead a change in circumstances and therefore was not entitled to have the decree modified."); *Christensen v. Christensen*, 619 P.2d 1372 (Utah 1980) (affirming trial court's ruling that because plaintiff was seeking to modify

divorce decree on basis of fraud, plaintiff could not proceed by way of petition to modify divorce decree, but must instead file independent action for fraud).

¶ 15 Stipulations entered into in contemplation of a divorce "are conclusive and binding on the parties unless, upon timely notice and for good cause shown, relief is granted therefrom." *Maxwell v. Maxwell*, 796 P.2d 403, 406 (Utah Ct.App.1990). The appropriate procedure to obtain relief from a judgment entered in a divorce proceeding based on an executed and agreed-upon stipulation that was fraudulently procured is to file a motion under Utah Rule of Civil Procedure 60(b)(3). *See Despain v. Despain*, 682 P.2d 849, 852 (Utah 1984); *Maxwell*, 796 P.2d at 406; *cf. St. Pierre*, 645 P.2d at 617–18; *Boyce v. Boyce*, 609 P.2d 928 (Utah 1980). Rule 60(b)(3) allows relief from judgments for "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party." Utah R. Civ. P. 60(b)(3). However, Rule 60(b) has stringent filing deadlines, and the party seeking relief must do so within three months after entry of judgment. *See* Utah R. Civ. P. 60(b). The divorce decree in this case was entered on June 17, 1997. Thus, defendant had until approximately September 17, 1997 to file a Rule 60(b) motion, but failed to do so. Therefore defendant could not obtain relief based on Rule 60(b) because the time had expired for filing a motion to set the decree aside.

¶ 16 "However, this does not limit the power of the court to entertain an independent action." *Despain*, 682 P.2d at 852; *accord St. Pierre*, 645 P.2d at 618; *Christensen*, 619 P.2d at 1372. "[I]t has long been recognized by state and federal courts alike that an independent equitable action for relief from a prior judgment is available in addition to those remedies afforded under Rule 60(b)." *St. Pierre*, 645 P.2d at 618. An independent action for fraud under facts as alleged by the defendant here may be appropriate because "[a]n intentional act by a party in a divorce action which prevents the opposing party from making a full defense 'amounts to fraud upon the opposing party, as well as upon justice, justifying a court in

setting aside the decree so obtained.'" *Id.* at 619. "'Public interest requires that no spouse be defrauded ... by the other in obtaining a decree of divorce.'" *Id.* (citation omitted). More importantly, "'[w]hen fraud ... [is] properly pleaded, it is not important whether the decree is entered after litigation *or by consent.*'" *Id.* (emphasis added and citation omitted).

¶ 17 In this case, defendant argues that plaintiff fraudulently withdrew funds from Bayles Exploration, thereby effectively and improperly lowering defendant's share of the property settlement stipulated to by the parties. However, there can be little question that plaintiff's alleged nefarious activities were "contemplated" in the context of the divorce proceeding. If defendant's assertions prove true, defendant may be entitled to relief. This notwithstanding, defendant failed to timely file a Rule 60(b)(3) motion. Because a claim of fraud contemplated in the context of the divorce is not generally a proper basis for a petition to modify a divorce decree, defendant's only avenue for relief under the facts of this case is to file an independent action.

¶ 18 The trial court here interpreted *Glover v. Glover*, 121 Utah 362, 242 P.2d 298 (1952), to allow "pursuing the fraud claim by [a] petition to modify." However, *Glover*, a three-to-two decision,[2] is limited to the facts before that court. There, the court assumed extrinsic fraud existed and determined that "[w]e are not causing re-litigation of any issues formerly tried. No inroads upon the doctrine of res adjudicata are being made." *Id.* at 300. The court then conceded that "it might have been better to bring a separate action." *Id.* Thus, *Glover*, in effect, ruled that because of the extrinsic fraud, the property at issue was not contemplated in the divorce action and the fraud was not, nor could have been, discovered before the divorce.

¶ 19 Thus, our holding is consistent with current jurisprudence and is not contrary to *Glover*. The trial court mistakenly interpreted *Glover* to stand for the proposition that a

party, notwithstanding the very different facts of that case, may pursue a fraud claim by way of a petition to modify a divorce decree.

## CONCLUSION

¶ 20 We hold that a claim of fraud, in almost every instance, is not properly addressed in a petition to modify a divorce decree. Absent the consent of the parties and the trial court, the party asserting a cause of action for fraud after the parties have entered into a stipulation that has been incorporated into an order of divorce contemplating the basis for the fraud claim should either file a Rule 60(b)(3) motion within the three month time limit, or file an independent action.

¶ 21 We accordingly reverse the trial court's denial of plaintiff's motion to dismiss.

¶ 22 WE CONCUR: MICHAEL J. WILKINS, Presiding Judge and NORMAN H. JACKSON, Judge.

---

2. The dissenting opinions in *Glover* favored an independent action to address a separate agreement of the parties outside the divorce action,

rather than a summary proceeding in the context thereof.