519 P.2d 241

Richard L. CLISSOLD, Plaintiff and Respondent,

v.

Joan O. CLISSOLD, Defendant and Appellant.

No. 13342.

Supreme Court of Utah.

Jan. 30, 1974.

J. Thomas Green, George J. Romney, E. Keith Stott, Jr., of Greene & Nebeker, Salt Lake City, for defendant and appellant.

Robert S. Campbell, Jr., Glen E. Davies, Salt Lake City, for plaintiff and respondent.

GOULD, District Judge:

This is an appeal from a divorce judgment, and from an order denying appellant's motion to modify property and monetary aspects of the divorce decree, or in the alternative for a new trial and also from an order denying appellant's motion for postjudgment discovery.

A request for the same relief applied for by way of this appeal was also directed to the trial judge. The parties were married in 1954, reared four children, and in March of 1972, by way of complaint, an-

swer and counterclaim, both parties sought a decree of divorce and an equitable distribution of property. During pretrial proceedings, interrogatories and answers thereto were exchanged, and the case then proceeded to trial upon the wife's counterclaim, the quantity and value of marital assets having been vigorously tested during trial.

Following the trial and the pronouncement of a memorandum decision, the court and counsel held extensive conferences settling findings of fact and conclusions of law and decree. Following the entry of decree, with newly engaged counsel, the defendant sought postjudgment discovery, modification of the decree, and alternatively a new trial based upon an assertion of newly discovered evidence, which with due diligence, could not have been discovered during the trial. The trial court denied the application for the relief, and this appeal was prosecuted by the wife.

We affirm the decision of the trial court.

The net worth asserted by the husband, as revealed at the trial, amounted to $281,000, and upon such values the court awarded properties with a net worth amounting to $102,200 to the appellant wife; and properties with a net worth amounting to $178,575 to the husband. The award also granted $125 per month child support for each of four children, and $125 per month as alimony to the wife.

A material misrepresentation or concealment of assets or financial condition as a result of which alimony or property awarded is less or more than otherwise would have been provided for is a proper ground for which the court may grant relief to the party who was offended by such misrepresentation or concealment, absent other equities such as laches or negligence. Glover v. Glover, 121 Utah 362, 242 P.2d 298 (1952). Also the annotation at 162 A.L.R. 190. However, before relief can be granted, it must be determined that the alleged misrepresentation or concealment constitutes conduct, such as fraud, as would basically afford the complaining party relief from the judgment. The proper disposition of this case requires an analysis and discussion of the concepts of "intrinsic" and "extrinsic" fraud. The public interest requires that there be an end to litigation. To accomplish this objective the courts have always distinguished between the actions of a party litigant which bear upon the opposing party's opportunity for a fair submission of his case and a party's misrepresentation during trial. Those actions *asserted to be fraudulent* which prevent a fair submission of the controversy such as deceiving a party into not filing an answer or deceiving a party into staying away from court on the day of the trial are classed as extrinsic fraud, and if existent in fact, entitle the opposing party to relief from the judgment. Conduct

*asserted to be fraudulent* which occurs during the course of the proceedings, such as false testimony, whether or not existent in fact, does not entitle a party to relief from the judgment. The principle, of course, is that during a trial veracity itself is on trial, and in the public interest cannot be tried again. Some exceptions to this rule exist in divorce cases where there has been a *gross misrepresentation* of assets by a party. Such does not appear in the case at bar. At most there was a dispute as to the value of some highly speculative property, and an answer to an interrogatory which might be interpreted as concealment. However, this answer to interrogatory, even if untrue, would be no different than a false answer during trial, and would therefore come within the classification of intrinsic fraud, not entitling the opposing party to the relief.

All of the relief applied for here was sought from the judge who tried the case, and we cannot on this record say that the trial judge abused his discretion in refusing to reopen the case and permit post-judgment discovery, nor in his refusal to amend or modify the defendant's award of property, child support or alimony, nor the trial court's denial of the motion for a new trial.

It appears to us that the "newly discovered evidence" was always available to the party during the course of these proceedings, the same being available in public records.

CALLISTER, C. J., and HENRIOD, ELLETT and TUCKETT, JJ., concur.

CROCKETT, J., having disqualified himself, does not participate herein.