**Gary K. SHELTON, Plaintiff and Appellant,**

v.

**Jerylin A. SHELTON, Defendant and Appellee.**

**No. 920583–CA.**

Court of Appeals of Utah.

Nov. 15, 1994.

Carolyn Nichols, Salt Lake City, for appellant.

Joseph Harlan Burns, Cedar City, for appellee.

Before DAVIS, GREENWOOD and ORME, JJ.

OPINION

DAVIS, Judge:

Appellant Gary K. Shelton appeals from the trial court's award of retroactive temporary alimony in the amount of $13,000 plus interest. We affirm.

Gary Shelton filed for divorce on May 30, 1991. A hearing was conducted before a District Court Commissioner on June 18, 1991 to address temporary alimony. At that hearing, Mr. Shelton claimed that, although receiving approximately $1600 per month in retirement benefits, he had no ability to pay temporary alimony due to litigation in California involving his business. Consequently, the Commissioner made no provision for temporary alimony for Mrs. Shelton and ordered Mr. Shelton to pay one-half of the parties' mortgage payment. In addition, the Commissioner instructed Shelton to advise the court of any income received in the future in excess of the monthly retirement benefit.

In February of 1992, the parties again appeared before the Commissioner for a hearing on Mrs. Shelton's Order to Show Cause in re Contempt, Motion for Temporary Alimony, and Motion for Order to Compel Discovery. The Commissioner referred to the finding from the hearing held in June of 1991 that Mrs. Shelton's need for temporary alimony was "obvious" because she was unemployed and had no income. Further, the Commissioner found that Mr. Shelton did not notify the court as instructed that he had received $1,000 per month from his business for each month following the parties' separation, including the month of June 1991. Mr. Shelton's business also paid Mr. Shelton's mother $1,000 per month from July 1991

until February 1992.[1] Additionally, Mr. Shelton "tried to withdraw additional funds from the corporation disguised as loans and bonuses [and] ... borrowed $12,000.00 for equipment for a farming operation he is developing in Canada plus additional funds for airplane repair and $1,400.00 from his mother, none of which was reported." Finally, the Commissioner found that during this time period Mrs. Shelton used up all of her personal liquid assets to meet ongoing obligations, including a $10,000 savings bond intended for her children.

The Commissioner concluded that based upon Mr. Shelton's deception concerning his income, Mrs. Shelton was entitled to temporary alimony retroactive to June 1991. The trial court adopted this ruling in an order issued on August 28, 1992 and awarded Mrs. Shelton $13,000 in retroactive temporary alimony.

On appeal, Mr. Shelton does not challenge any of the Commissioner's findings of fact. He simply contends that, as a matter of law, it is improper for the district court to retroactively modify a spousal support order. As a question of law, we review the trial court's decision for correctness. *Greenwood v. City of N. Salt Lake,* 817 P.2d 816, 818 (Utah 1991).

Mr. Shelton correctly observes that "once temporary support obligations become due, they are no more retroactively modifiable than final decrees." *Whitehead v. Whitehead,* 836 P.2d 814, 816 (Utah App.1992). However, he incorrectly concludes from this rule of law that temporary support obligations *cannot* be modified. On the contrary, it is well established that

> [a] material misrepresentation or concealment of assets or financial condition as a result of which alimony or property awarded is less or more than otherwise would have been provided for is a proper ground for which the court may grant relief to the party who was offended by such misrepresentation or concealment, absent other equities such as laches or negligence....

However, before relief can be granted, it must be determined that the alleged misrepresentation or concealment constitutes conduct, such as fraud, as would basically afford the complaining party relief from the judgment.

*Clissold v. Clissold,* 30 Utah 2d 430, 519 P.2d 241, 242 (1974) (citations omitted), *overruled in part on other grounds by, St. Pierre v. Edmonds,* 645 P.2d 615, 619 n. 2 (Utah 1982); *accord Boyce v. Boyce,* 609 P.2d 928, 931 (Utah 1980) (noting that "[c]learly, a court should modify a prior decree when the interests of equity and fair dealing with the court and the opposing party so require"); *Reid v. Reid,* 245 Va. 409, 429 S.E.2d 208, 211 (1993) (ruling that "[o]nce the amount of spousal support is determined, the statutes and case law specifically limit the divorce court's authority to retroactively modify that amount, *absent fraud on the court* ") (emphasis added).

In this case, the Commissioner's findings that Mr. Shelton deceived the court regarding his income at the time of the initial hearing and in the months following went unchallenged, "other equities" are not present, and, therefore, the trial court's ruling awarding Mrs. Shelton retroactive alimony was a proper exercise of discretion. For these reasons, we affirm. In addition, because Mrs. Shelton was awarded attorney fees and costs at trial and has prevailed on appeal, we award reasonable attorney fees and costs incurred in responding to this appeal to Mrs. Shelton, and remand to the trial court for a determination of the amount. *See Rosendahl v. Rosendahl,* 876 P.2d 870, 875 (Utah App.1994) ("[W]here the trial court has awarded attorney fees and the receiving spouse has prevailed on the main issues, we generally award fees on appeal."); *Hall v. Hall,* 858 P.2d 1018, 1027 (Utah App.1993) (same).

GREENWOOD and ORME, JJ., concur.

---

1. Because the court was unaware of this payment, it could not determine its purpose or relevance.