2006 UT App 216

James SWEET, Petitioner and Appellee,

v.

Melanie SWEET, Respondent and Appellant.

No. 20050034–CA.

Court of Appeals of Utah.

May 25, 2006.

David Paul White, Murray, for Appellant.

Steven C. Tycksen and Chad C. Shattuck, Zoll & Tycksen LC, Murray, for Appellee.

Before Judges BILLINGS, McHUGH, and ORME.

## MEMORANDUM DECISION

BILLINGS, Judge:

¶1 Respondent Melanie Sweet (Wife) argues that the district court erred when it denied her motion to set aside the stipulated divorce decree between her and her ex-husband, Petitioner James Sweet (Husband), pursuant to rule 60(b) of the Utah Rules of Civil Procedure. *See* Utah R. Civ. P. 60(b). We affirm.

¶2 First, Wife argues that the district court erred when it ruled that marital contracts are held to the same standard as any other contract. To support this assertion, she cites to the district court's minute entry stating that to "set aside a stipulated [d]ecree of [d]ivorce, a party must, at a minimum, produce evidence that would constitute a defense to a common contract."

¶3 In addressing the stipulated divorce decree between Wife and Husband, we first "acknowledge[ ] the general authority of spouses ... to arrange property rights by a contract that is recognized and enforced by a court in the event of a divorce." *Reese v. Reese*, 1999 UT 75, ¶24, 984 P.2d 987. And although the Utah Supreme Court has held that "contracts between spouses ... are not necessarily judged on the same terms as contracts executed by persons operating at 'arm's length,'" we note that the court never set forth a different test or standard of review for such contracts. *Id.* Instead, the court has stated the general principle that "spouses ... may make binding contracts with each other and arrange their affairs as they see fit, insofar as the negotiations are conducted in good faith ... and do not unreasonably constrain the court's equitable and statutory duties." *Id.* at ¶25. In effect, the parties "are held to the highest degree of good faith, honesty, and candor," and "agreements concerning the disposition of property owned by the parties at the time of their marriage are valid, so long as there is no fraud, coercion, or material nondisclosure." *Id.* at ¶24 (quotations and citation omitted).[1]

¶4 Wife ignores the entirety of the district court's ruling and the context in which the challenged statement was made. More completely, the district court stated that

> [u]nlike [d]efault [j]udgments, [j]udgments reached pursuant to the [s]tipulation of the parties are given significant deference. In order to set aside a stipulated [d]ecree of [d]ivorce, a party must, at a minimum, produce evidence that would constitute a defense to a common contract. In order to show that the [s]tipulation was procured by fraud, [Wife] must show that she reasonably relied on a misrepresentation of a presently existing material fact. [Wife] failed to produce evidence which meets this standard.

¶5 After carefully weighing the evidence, the district court concluded that Wife failed to show the elements necessary to establish coercion, fraud, misrepresentation, or duress. *See Reese*, 1999 UT 75 at ¶24, 984 P.2d 987; *see also St. Pierre v. Edmonds*, 645 P.2d 615, 619 (Utah 1982) (holding that "[d]uress and fraud are commonly held sufficient to vacate a property settlement in a divorce decree").[2] And a "district court ... is vested with considerable discretion under [r]ule 60(b) in granting or denying a motion to set aside a judgment." *Katz v. Pierce*, 732 P.2d 92, 93 (Utah 1986) (per curiam). Specifically, the district court held that

> [Wife's] testimony with respect to alleged misrepresentations [is] not credible.... Accepting all of [Wife's] evidence as true, it nevertheless falls short of suggesting a lack of contractual capacity.... Accepting

---

1. We recognize that the *Reese* court was discussing prenuptial agreements and not stipulated divorce decrees. *See Reese v. Reese*, 1999 UT 75, ¶24, 984 P.2d 987. However, we find these agreements to be sufficiently similar for the purposes of this analysis.

2. For the first time on appeal, Wife argues additional reasons for setting aside her stipulated divorce decree under rule 60(b). *See* Utah R. Civ. P. 60(b)(6). It is well-settled, however, that generally "issues not raised at trial cannot be argued for the first time on appeal." *Monson v. Carver*, 928 P.2d 1017, 1022 (Utah 1996) (quotations and citation omitted). Therefore, we look at the substance of Wife's arguments below and only address those legal arguments that Wife raised before the district court.

all of [Wife's] evidence as true, the evidence falls short of establishing legal duress, or that [Husband] had inappropriately overcome her will.

We find no error in the district court's evaluation.

¶ 6 Second, Wife argues that the district court erred in finding that she failed to meet her burden of proof regarding her claims of fraud and duress.[3]  However, Wife failed to marshal the evidence supporting this finding. "In order to challenge a court's factual findings, an appellant must first marshal all the evidence *in support of* the finding and then demonstrate that the evidence is legally insufficient to support the finding even when viewing it in a light most favorable to the court below." *Chen v. Stewart,* 2004 UT 82, ¶ 76, 100 P.3d 1177 (emphasis added) (quotations and citation omitted); *see also* Utah R.App. P. 24(a)(9) ("A party challenging a fact finding must first marshal all record evidence that supports the challenged finding.").

¶ 7 Instead, Wife simply reasserts the evidence she presented to the district court and asks this court to reconsider the validity of that evidence.  In fact, Wife's arguments are "nothing but an attempt to have this [c]ourt substitute its judgment for that of the [district] court on a contested factual issue.  This we cannot do." *Covey v. Covey,* 2003 UT App 380, ¶ 28, 80 P.3d 553 (alterations in original) (quotations and citation omitted).

¶ 8 Therefore, the district court did not err in denying Wife's rule 60(b) motion to set aside her divorce decree.

¶ 9 Accordingly, we affirm.

¶ 10 WE CONCUR: CAROLYN B. McHUGH and GREGORY K. ORME, Judges.

---

3.  We review a district court's factual findings for clear error.  *See State v. Widdison,* 2001 UT 60, ¶ 60, 28 P.3d 1278 ("A trial court's factual findings will not be reversed absent clear error.").