2007 WY 114

**Lori Ann DOWLIN, Appellant (Plaintiff),**

v.

**Charles Douglas DOWLIN,**
**Appellee (Defendant).**

**No. 06–245.**

Supreme Court of Wyoming.

July 23, 2007.

Representing Appellant: Steve C.M. Aron and Galen Bruce Woelk, of Aron and Hennig, LLP, Laramie, Wyoming. Argument by Mr. Aron.

Representing Appellee: William L. Hiser, of Brown & Hiser, LLC, Laramie, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

BURKE, Justice.

[¶ 1] Appellant Lori Ann Walker, (formerly Lori Ann Dowlin) filed a civil suit against her former husband Charles Douglas Dowlin, requesting damages for "Fraud on the Court (Wyo.Stat.Ann. § 1–16–401(a)(iv))," allegedly committed during divorce proceedings. The district court granted Mr. Dowlin's motion to dismiss for failing to state a claim for relief pursuant to W.R.C.P. 12(b)(6).[1] Ms. Walker contends the dismissal was in error. We affirm.

### ISSUE

[¶ 2] Did the district court err in concluding that Wyo. Stat. Ann. § 1–16–401 (Lexis-Nexis 2007) and W.R.C.P. 60(b) do not create a tort duty that, if breached, gives rise to an independent cause of action for damages?

### FACTS

[¶ 3] Ms. Walker initiated this civil tort action while her divorce from Mr. Dowlin was pending. In her original complaint, she alleged several causes of action against Mr. Dowlin and several other parties. Ms. Walk-

---

1. For the sake of convenience, we refer to the "district court" as the court from which this appeal is taken. We refer to the district court entering the decree of divorce and dividing the parties' marital property as the "divorce court."

er's claims included Conversion, Fraud and Deceit, Negligent Misrepresentation, Interference with Contract and Prospective Advantage, and Fraudulent Practice in the Sale of Securities. The claims alleged misconduct not only on Mr. Dowlin's part, but also on the part of other individuals and companies involved in the sale of Hyland Enterprises, Inc., part of which Ms. Walker claimed as marital property.

[¶ 4] The divorce trial was held on May 12, 2005. On June 7, 2005, the divorce court issued its decision letter distributing the marital assets and debts of the parties. Thereafter, Ms. Walker amended her complaint in the district court to allege a new cause of action for both compensatory and exemplary damages. The new cause of action was entitled "Fraud on the Court (Wyo. Stat.Ann. § 1–16–401(a)(iv))" against Mr. Dowlin and a codefendant, Mr. Howard.[2] This new cause of action is the subject of this appeal. In her new cause of action, Ms. Walker alleged the following:

77. By this reference Plaintiff incorporates herein the allegations of paragraphs 1 through 67 of this Amended Complaint as though set forth in their entirety.

78. Plaintiff is informed and believes that Defendants [Messrs.] Dowlin and Howard were both responsible for the preparation and submission to the divorce court of Hyland's 1991 business valuation and [Mr. Dowlin]'s personal financial statements.

79. Defendants [Messrs. Dowlin] and Howard were obligated to testify truthfully under oath at trial and to verify the truth and accuracy of those documents and exhibits provided to the Court; and they were further obligated to include, and not intentionally omit, all material information the Court would rely upon at trial.

80. [Ms. Walker] is informed and believes that prior to and during the divorce trial, [Messrs. Dowlin] and Howard made misrepresentations of material fact by testimony and through exhibits, and omitted providing material information to the divorce court, which statements and information were knowingly false and intentionally

omitted. These misrepresentations and omissions include, among others:

a. The false representation that the value of Hyland [Enterprises, Inc.] on December 31, 1991 was $6,173,509.93.

b. The false representation that [Mr. Dowlin]'s net worth on April 30, 2005 was $2,663,494.44.

c. The omission of material information which would have disproved those representations set forth in subparagraphs a and b above.

81. [Messrs. Dowlin] and Howard expected the Court to rely upon those false representations and omissions of material fact as true and correct representations made under oath, and on the basis thereof to determine the allocation of marital property awarded to [Ms. Walker].

82. As a direct and proximate result of the Court's reliance on the defendants [sic] fraud and intentional omissions, [Messrs. Dowlin] and Howard were successful in obtaining a judgment that substantially reduced [Ms. Walker]'s award of marital assets and interests.

Ms. Walker's prayer for relief apparently applies to all her claims, and is somewhat difficult to follow. It is nevertheless clear from her arguments in the district court and this Court that she sought a jury trial, and compensatory and exemplary damages, on all counts, including the claim of fraud on the court.

 In response to Ms. Walker's allegations, both Mr. Dowlin and Mr. Howard moved to dismiss the complaint pursuant to W.R.C.P. 12(b)(6), asserting that Ms. Walker had failed to state any claims for which relief could be granted. The district court dismissed all of Ms. Walker's causes of action except for the claim of fraud alleged against Mr. Dowlin. The district court certified its dismissal of the "Fraud on the Court (Wyo. Stat.Ann. § 1–16–401(a)(iv)) by Dowlin" claim as a final judgment under W.R.C.P. 54(b). Ms. Walker appealed.

---

**2.** Ms. Walker's claims against Mr. Howard were dismissed, and he is not a party to this appeal.

## STANDARD OF REVIEW

[¶ 6] The district court granted the motion to dismiss pursuant to W.R.C.P. 12(b)(6), finding that Ms. Walker had failed to state a claim upon which relief can be granted.

Our standard for review of [a 12(b)(6) ] dismissal is well known: (1) we accept the facts stated in the complaint as true and view them in the light most favorable to the appellant; (2) we sustain the dismissal only if it is certain from the face of the complaint that the appellant cannot assert any facts that would entitle him to relief; (3) we employ the same standards and examine the same materials as did the district court; and (4) such review is *de novo.*

*Becker v. Mason,* 2006 WY 143, ¶ 5, 145 P.3d 1268, 1270 (Wyo.2006).

## DISCUSSION

[¶ 7] Ms. Walker's challenge to the dismissal of her cause of action is rooted in her contention that W.R.C.P. 60(b) and Wyo. Stat. Ann. § 1–16–401 "establish a tort duty that was breached by [Mr.] Dowlin. [Mr.] Dowlin's breach of those duties permits [Ms.] Walker to assert a cause of action at law [for damages], to be determined by a jury of her peers. [*McCulloh* ] *v. Drake* 24 P.3d 1162 (Wyo.2001)." We disagree. *McCulloh* is distinguishable and does not support creation of the new cause of action asserted by Ms. Walker. W.R.C.P. 60(b) and Wyo. Stat. Ann. § 1–16–401 are remedial in nature. They provide a mechanism to obtain relief from a judgment obtained by fraud. They do not create a duty that gives rise to an independent tort cause of action for damages to be determined by a jury.

[¶ 8] Preliminarily, we begin with two comments relating to our standard of review and the cause of action at issue here. Although we are required to assume that all factual allegations contained in the complaint are true, we are not required to give that same deference to legal conclusions. Paragraph 17 of the amended complaint contains legal conclusions to which we do not defer. It states:

17. In preparing and presenting evidence as to the amount of [Mr. Dowlin]'s increase in net worth during the marriage, [Ms. Walker] and her attorneys had no alternative except to rely on the truth of evidence presented under oath by the defendants named herein; [Ms. Walker]'s reliance was necessary as a matter of evidence in the divorce proceedings even where [Ms. Walker] personally did not believe in the truth of the evidence presented.

The complaint contains no factual underpinnings for the allegations contained in paragraph 17. Nowhere in the complaint does Ms. Walker allege that she was prevented from conducting discovery, or limited in any way in her ability to present evidence or cross-examine witnesses. We are not aware of any legal principle, and Ms. Walker has offered none, that would require Ms. Walker and her attorneys "to rely on the truth" of testimony and other evidence provided by the opposing party. Although not pivotal to our decision, we wish to make clear that in conducting our review we do not assume the legal conclusions set forth in paragraph 17 are true.

[¶ 10] Second, for the purposes of this opinion, we use the term "fraud" to refer to Ms. Walker's "Fraud" claim against Mr. Dowlin. That claim is not predicated upon violation of the duties allegedly created by Wyo. Stat. Ann. § 1–16–401 or W.R.C.P. 60(b), but appears to be analogous to common law fraud. The fraud claim was not dismissed by the district court and remains pending. Because her fraud claim is not before us, we make no comment as to whether it is viable under Wyoming law. We use the term "fraud on the court" to refer to Ms. Walker's claim that a tort duty originates from W.R.C.P. 60(b) and Wyo. Stat. Ann. § 1–16–401. We note that some courts in other contexts may mean something different in their use of the term. *E.g., Billington v. Billington,* 220 Conn. 212, 595 A.2d 1377, 1383 (1991) ("[T]he concept of fraud on the court in the marital litigation context is properly confined to situations where both parties join to conceal material information from the court.").

[¶ 11] We begin our examination by addressing *McCulloh v. Drake*, 2001 WY 56, 24 P.3d 1162 (Wyo.2001), which is the primary Wyoming case Ms. Walker cites for support. *McCulloh* does not support her claim. In *McCulloh*, the plaintiff presented a tort claim for intentional infliction of emotional distress against her husband in the divorce action. ¶ 20, 24 P.3d at 1168–69. We simply held that the tort claim should be heard separately from the divorce. *Id.*, ¶ 23, 24 P.3d at 1169. *McCulloh* does not suggest that we should recognize the new tort cause of action urged by Ms. Walker.

■ [¶ 12] As mentioned previously, Ms. Walker's "fraud on the court" claim is predicated upon alleged duties created solely by W.R.C.P. 60(b) and Wyo. Stat. Ann. § 1–16–401. We must review the rule and statute to see if they support her position. W.R.C.P. 60(b) provides relief from judgments under certain circumstances:

> On motion, and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.... This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding as provided by statute.... [T]he procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

This rule allows a party to obtain relief from a judgment by motion, but it also recognizes that a party may seek relief from a judgment by "independent action to relieve a party from a judgment ... as provided by statute." *Id.* Ms. Walker has chosen to proceed by independent action. As the statutory basis for her independent action, Ms. Walker relies solely upon Wyo. Stat. Ann. § 1–16–401(a), which states as follows:

> A district court may vacate or modify its own judgment or order after the term at which it was made: ... (iv)[f]or fraud practiced by the successful party in obtaining a judgment or order[.]

[¶ 13] The statute plainly provides that the available remedy is vacation or modification of a judgment or order. Ms. Walker does not ask to vacate or modify the divorce court's judgment. Instead, she seeks monetary damages, a remedy not available under either the statute or the rule. Further, nothing in the language of the statute or the rule creates any tort duty that Mr. Dowlin owes to the court or to Ms. Walker. *Compare Hulse v. First Am. Title Co.*, 2001 WY 95, ¶¶ 57, 58, 33 P.3d 122, 139–40 (Wyo.2001) (statute explicitly creating "duties and obligations" for real estate agents adapted to impose tort-based duties on such agents). Having reviewed the statute upon which Ms. Walker relies, it becomes easy to endorse the district court's conclusion:

> By the clear and unambiguous language of the statute, [Ms. Walker]'s claim must be dismissed.... [T]he statute does not address imposing liability on another for any damages that [Ms. Walker] believes she suffered by way of what the divorce court awarded her and what she believes it would have awarded her had certain acts not occurred.

[¶ 14] We now turn our attention to cases from other jurisdictions that Ms. Walker claims support her fraud on the court claim. There is a wealth of authority from other jurisdictions contradicting Ms. Walker's claim that there should be a new cause of action where a defendant's misrepresentations to a court result in a less favorable judgment for the plaintiff. *See, e.g., Patel v. OMH Med. Ctr.*, 987 P.2d 1185, 1202 (Okla. 1999); *Suffield Dev. Assocs., Ltd. v. Nat'l Loan Investors, L.P.*, 260 Conn. 766, 802 A.2d 44, 51 (2002); *Luttrell v. United States*, 644 F.2d 1274, 1276 (9th Cir.1980). Additionally, all of the cases Ms. Walker cites demonstrate that the appropriate remedy for alleged fraudulent conduct is to set aside the judgment, whether in the same or a different proceeding.

[¶ 15] *MacArthur v. Miltich*, 110 Mich. App. 389, 313 N.W.2d 297 (1981), is a typical example. In *MacArthur*, the relevant rule explicitly allowed an independent action to set aside a judgment after the time to file a

motion had run. 313 N.W.2d at 390–91. The *MacArthur* court held that once the time to file a motion had expired, the plaintiff was required to proceed in an independent action to set aside the judgment. *Id.; see also Harper v. Harper*, 122 Idaho 535, 835 P.2d 1346, 1347 (Ct.App.1992) (allowed suit to set aside divorce decree because plaintiff relied on defendant's statements to her when she decided not to contest the divorce); *Bayles v. Bayles*, 981 P.2d 403, 407 (Utah Ct.App.1999) (husband who alleged wife's representations induced divorce settlement was required to begin independent action to set aside judgment). The common thread through these cases is that the remedy provided was setting aside the judgment, not an award of damages.

[¶ 16] In *St. Pierre v. Edmonds*, 645 P.2d 615, 617 (Utah 1982), the wife initiated an action asserting that her former husband had threatened her with bodily harm and engaged in harassment, intimidation, and physical abuse to compel her to sign a property division stipulation that substantially reduced her share of the marital property. She sought damages for the difference between the actual settlement and what she would have received at trial. *Id.* She also asked in the alternative for the divorce decree to be set aside. *Id.* The Utah Supreme Court allowed her claim. After extensively analyzing the law on the topic of *setting judgments aside*, the court held that she was entitled to that relief. *Id.* at 618–19. Ms. Walker is mistaken when she relies on language that states that "the less drastic [than setting aside a judgment] remedy sought in this case does not preclude the action." *Id.* at 620. The less drastic remedy the St. Pierre court contemplated was, in effect, a modification of the judgment rather than allowing a new proceeding that would award tort damages.

[¶ 17] In *Cresswell v. Sullivan & Cromwell*, 668 F.Supp. 166, 168 (S.D.N.Y.1987), the plaintiffs in an independent fraud suit alleged that the defendant failed to produce all documents requested during a prior suit's discovery process. This failure to disclose allegedly induced the plaintiffs to settle for less of an award than they otherwise could have negotiated. *Id.* The district court ruled

that the plaintiffs could proceed on their fraud action. *Id.* at 172–73. Ms. Walker argues that we should follow the *Cresswell* court's lead and allow her claim for damages.

[¶ 18] Ms. Walker apparently overlooked *Cresswell's* subsequent history. On appeal, the Court of Appeals for the Second Circuit held that the plaintiffs' action was not one at law, regardless of how it was pleaded, but was instead equitable in nature. *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 71 (2d Cir.1990). It held that the district court "had ancillary equitable jurisdiction to *entertain an attack on the [original] judgment.*" *Id.* at 70 (emphasis added). On remand, the district court held that the plaintiffs had not presented a claim for "fraud on the court" as the federal courts recognize it, and that their attack on the prior judgment failed. *Cresswell v. Sullivan & Cromwell*, 771 F.Supp. 580, 587 (S.D.N.Y.1991). Based on its ultimate disposition, *Cresswell* supports our conclusion that Ms. Walker's only appropriate remedy is relief from the original divorce court judgment.

[¶ 19] In this case, we are particularly troubled by Ms. Walker's position that she is entitled to bring a tort claim to recover compensatory damages based on a property division in a divorce. Her alleged compensatory damages are the difference between what she received in the divorce proceeding and the amount she believes she would have received absent the alleged fraud. In other words, she wishes to have a jury in her tort proceeding decide the fundamentally equitable issue of dividing property in a divorce. This would improperly remove the question of equitable property division from the judge's hands—where it properly belongs.

██ [¶ 20] As we have said before, "[a] civil action in tort is fundamentally different from a divorce proceeding. The issues involved in each are entirely distinct." *McCulloh*, ¶ 28, 24 P.3d at 1170 (citation omitted). The paramount concern of a divorce court is to make a "disposition of the property of the parties as appears just and equitable." Wyo. Stat. Ann. § 20–2–114 (LexisNexis 2007). No right to a jury exists in divorce proceedings. *See generally* Wyo. Stat. Ann. §§ 20–2–101 through –116 (LexisNexis 2007). In con-

trast, the plaintiff has a right to a jury trial on tort claims. *McCulloh*, ¶ 29, 24 P.3d at 1170. To allow claims such as the one Ms. Walker asserts would allow a jury to become a de facto appellate court reviewing the divorce court's decision. We are aware of no legal principle that would allow or justify such an approach. From a policy perspective, it seems patently obvious that the best judge of the claim's measure of damage is the judge who granted the divorce. The plain language of both W.R.C.P. 60(b) and Wyo. Stat. Ann. § 1–16–401 implements that policy.

[¶ 21] Our decision is also supported by our policy of finality of judgments. We have previously recognized

the interest held by society in having differences conclusively resolved in a single action thereby avoiding the vexation and expense which are associated with piece-meal litigation. The necessity for sustaining this social interest is the justification for the doctrines of res judicata and collateral estoppel.... These doctrines ... promote the reliance by citizens of the state upon courts to settle their disputes and they conserve judicial resources.

*Delgue v. Curutchet*, 677 P.2d 208, 213–14 (Wyo.1984). Indeed, this policy is so compelling that we have described it as "a universal precept of common-law jurisprudence." *Id.* at 213. Just as important is the concept that a party must raise every issue in the original proceeding. As the Second Circuit recognized in *Cresswell*, equity requires that a party who had an adequate remedy at law or in the original proceeding, or would have with proper diligence, be denied relief. 922 F.2d at 71. Like the federal courts, we prefer not to encourage litigants to withhold relevant evidence while waiting for the next proceeding:

[T]rials are time-consuming and costly proceedings and while a litigant is entitled to a fair trial, certain it is that he has responsibilities to assist the trial court in bringing about such a result. It will not do to permit a litigant to remain mute and speculate on the outcome of a jury trial on the record made with knowledge of irregularities or improprieties therein that might readily and easily have been corrected dur-ing the trial and then, when misfortune comes his way, to attempt to set the invited result aside by way of a new trial because of such matters. It is not fitting for the trial court or this court knowingly to reward or condone such conduct. As so aptly stated by Judge Rossman in *Fischer v. Howard*, 201 Or. 426, 271 P.2d 1059, 1063, 49 A.L.R.2d 1301, a loser should not by design get "two bites at the cherry."

*DeWitty v. Decker*, Wyo., 383 P.2d 734, 736 (1963) (affirming denial of relief under W.R.C.P. 59).

[¶ 22] Ms. Walker obviously knew of some of the alleged fraudulent behaviors at the time of the divorce hearing because she filed her first complaint before the divorce trial. Moreover, she filed her amended complaint alleging the remaining misconduct between the time the divorce court issued its decision letter and the final divorce decree. We will not allow litigants to "sit on" useful information in one proceeding in order to collaterally attack the result in a subsequent action. We do not now directly rely on *res judicata*, collateral estoppel, or Ms. Walker's failure to contest any improprieties in the divorce court. Nevertheless, the very same policies behind these doctrines support today's result.

### CONCLUSION

[¶ 23] Both W.R.C.P. 60(b) and Wyo. Stat. Ann. § 1–16–401 provide a remedy to a litigant alleging that a judgment has been obtained fraudulently. The litigant may seek relief from the judgment in the form of modification or revocation of that judgment. For reasons that are not clear from the record, Ms. Walker has apparently chosen not to seek the relief authorized by W.R.C.P. 60(b) and Wyo. Stat. Ann. § 1–16–401(a). Instead, she seeks an award of damages from a jury. There is no language in the rule or the statute that establishes a duty giving rise to a tort cause of action for damages, nor do any cases from Wyoming or other jurisdictions support the result Ms. Walker desires.

[¶ 24] Affirmed.