# IN THE SUPREME COURT, STATE OF WYOMING

## 2022 WY 13

### OCTOBER TERM, A.D. 2021

### January 27, 2022

JEREMY J. HUGUS,

Appellant
(Plaintiff),

v.

S-21-0153

BRANDON C. REEDER,

Appellee
(Defendant).

### *Appeal from the District Court of Natrona County*
### *The Honorable William J. Edelman, Judge*

*Representing Appellant:*
>      Jeremy J. Hugus, pro se.  Argument by Mr. Hugus.

*Representing Appellee:*
>      James C. Worthen and Whitney D. Boyd, Hall & Evans, LLC, Casper, Wyoming. Argument by Mr. Worthen.

*Before FOX, C.J., and DAVIS\*, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

\*Justice Davis retired from judicial office effective January 16, 2022, and, pursuant to Article 5, § 5 of the Wyoming Constitution and Wyo. Stat. Ann. § 5-1-106(f) (LexisNexis 2021), he was reassigned to act on this matter on January 18, 2022.

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third.  Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**GRAY, Justice.**

[¶1]    Jeremy Hugus filed suit against Brandon Reeder on the last day of the applicable statute of limitations seeking damages for injuries incurred in a traffic accident.  Mr. Hugus later moved to dismiss the action without prejudice.  The circuit court granted the motion on November 4, 2019.  On July 22, 2020, Mr. Hugus filed another complaint against Mr. Reeder.  The district court dismissed this suit as untimely holding that Wyoming's saving statute, Wyo. Stat. Ann. § 1-3-118,[1] did not apply to a plaintiff's voluntary dismissal of the first action.  We reverse.

### ISSUE

[¶2]    Mr. Hugus presents one issue:

> Did the district court err in holding that Wyo. Stat. Ann. § 1-3-118 does not apply to a plaintiff's voluntary dismissals?

### FACTS

[¶3]    On October 20, 2013, Mr. Hugus was a passenger in a vehicle that was "T-boned" by a vehicle driven by Mr. Reeder.  On October 20, 2017, Mr. Hugus, a Wyoming attorney, filed a pro se negligence complaint claiming he sustained injuries to his upper back, shoulders, and spine.  He requested damages including economic damages for bodily injuries and non-economic damages for "loss of enjoyment and quality of life, emotional trauma, mental anguish and distress."  Mr. Hugus failed to comply with the circuit court's case management order and failed to produce materials in response to discovery requests.  On April 10, 2018, Mr. Reeder filed a motion to compel discovery and a request for sanctions.  After a hearing, the circuit court vacated the trial date and ruled it would not reschedule trial until Mr. Hugus complied with discovery.  On August 9, 2019, Mr. Reeder filed a motion to dismiss for lack of prosecution based on Mr. Hugus' failure to take any action on the case since early 2018.  On October 11, 2019, the circuit court set a trial date for February 13, 2020.  On November 1, 2019, Mr. Hugus filed a motion to dismiss the case without prejudice.  This motion was granted on November 4, 2019.

[¶4]    On July 22, 2020, Mr. Hugus filed a new complaint.  In it he reasserted his original negligence claim and added a new claim for reckless driving.  He, for the first time, sought

---

[1]          In many jurisdictions statutes have been enacted which, in varying terms, provide that where an action, timely begun, fails in some manner described in the statute, other than on the merits, another action may be brought within a stated period from the failure of the former action.  These statutes are variously designated . . . by such shorthand expressions as "renewal," "extension," or "saving" statutes.

79 A.L.R.2d 1270 (1961).

1

punitive damages as well as pre-judgment and post-judgment interest. Mr. Reeder filed a motion to dismiss the new complaint. Both parties argued the application of Wyo. Stat. Ann. § 1-3-118, the saving statute, which provides:

**Right to commence new action.**

If in an action commenced in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits and the time limited for the commencement of the action has expired at the date of the reversal or failure, the plaintiff, or his representatives if he dies and if the cause of action survives, may commence a new action within one (1) year after the date of the failure or reversal. This provision also applies to any claim asserted in any pleading by a defendant.

Wyo. Stat. Ann. § 1-3-118 (LexisNexis 2021). Mr. Reeder claimed the new action was outside the four-year statute of limitations pursuant to Wyo. Stat. Ann. § 1-3-105(a)(iv)(C), and the claims were not timely under Wyo. Stat. Ann. § 1-3-118. In the alternative, Mr. Reeder argued that, even if the refiled negligence claim was timely under Wyo. Stat. Ann. § 1-3-118, the new liability and damage claims were not. Mr. Hugus responded that Wyo. Stat. Ann. § 1-3-118 applied making his action timely, and the statute's plain language permitted consideration of all his claims.

[¶5] After hearing the parties' arguments, the district court granted Mr. Reeder's motion to dismiss the case, holding that "Wyoming's saving statute was intended to apply only to dismissals initiated by an opposing party or *sua sponte* dismissals; it does not apply to voluntary dismissals. Accordingly, Plaintiff's previous action . . . did not fail otherwise than upon the merits[.]" Mr. Hugus timely appealed.

## DISCUSSION

[¶6] Mr. Hugus argues the district court erred in dismissing his case because the unambiguous language of Wyo. Stat. Ann. § 1-3-118 does not limit its application to dismissals initiated by an opposing party or sua sponte dismissals. This is a question of first impression as we have not previously determined whether Wyo. Stat. Ann. § 1-3-118 applies to a voluntary dismissal.

## A. Standard of Review

[¶7] "Our review of a motion to dismiss, whether under W.R.C.P. 12(b)(6) or 12(b)(1), is de novo." *Allred v. Bebout*, 2018 WY 8, ¶ 29, 409 P.3d 260, 268 (Wyo. 2018). "[W]e employ the same standards and examine the same materials as the district court: we accept the facts alleged in the complaint or petition as true and view them in the light most

favorable to the non-moving party." *Moose Hollow Holdings, LLC v. Teton Cnty. Bd. of Cnty. Comm'rs*, 2017 WY 74, ¶ 20, 396 P.3d 1027, 1033 (Wyo. 2017) (quoting *Guy v. Lampert*, 2015 WY 148, ¶ 12, 362 P.3d 331, 335 (Wyo. 2015)). Dismissal is appropriate only if it is certain on the face of the complaint that the plaintiff cannot assert any facts that create entitlement to relief. *Dowlin v. Dowlin*, 2007 WY 114, ¶ 6, 162 P.3d 1202, 1204 (Wyo. 2007); *Ecosystem Res., L.C. v. Broadbent Land & Res., L.L.C.*, 2007 WY 87, ¶ 8, 158 P.3d 685, 687 (Wyo. 2007); W.R.C.P. 12(b)(6).

## B.     Construction of Wyo. Stat. Ann. § 1-3-118

[¶8]     The applicable rules of statutory construction are:

> [F]irst, statutory construction is a matter of law; second, we are seeking legislative intent; third, we construe a statute only if it is ambiguous, with the question of ambiguity being a question of law; and fourth, a "statute is unambiguous if its wording is such that reasonable persons are able to agree as to its meaning with consistency and predictability." *Taylor v. State ex rel. Wyo. Workers' Safety & Comp. Div.*, 2003 WY 83, ¶ 10, 72 P.3d 799, 802 (Wyo. 2003) (quoting *Allied-Signal, Inc. v. Wyo. State Bd. of Equalization*, 813 P.2d 214, 220 (Wyo. 1991)); *see also In re Interest of MN*, 2007 WY 189, ¶ 4, 171 P.3d 1077, 1080 (Wyo. 2007). In addition, "[a] basic tenet of statutory construction is that omission of words from a statute is considered to be an intentional act by the legislature, and this court will not read words into a statute when the legislature has chosen not to include them." *Merrill v. Jansma*, 2004 WY 26, ¶ 29, 86 P.3d 270, 285 (Wyo. 2004); *see also Kennedy Oil v. Dep't of Revenue*, 2008 WY 154, ¶ 14, 205 P.3d 999, 1004 (Wyo. 2008); and *Mathewson v. City of Cheyenne*, 2003 WY 10, ¶ 9, 61 P.3d 1229, 1232–33 (Wyo. 2003). . . .

*Adelizzi v. Stratton*, 2010 WY 148, ¶ 11, 243 P.3d 563, 566 (Wyo. 2010).

[¶9]     We first must determine whether Wyo. Stat. Ann. § 1-3-118 is clear or ambiguous. *Wyodak Res. Dev. Corp. v. Wyoming Dep't of Revenue*, 2017 WY 6, ¶ 25, 387 P.3d 725, 732 (Wyo. 2017) (citing *Lance Oil & Gas Co. v. Wyoming Dep't of Revenue*, 2004 WY 156, ¶ 4, 101 P.3d 899, 901 (Wyo. 2004)). "A 'statute is unambiguous if its wording is such that reasonable persons are able to agree as to its meaning with consistence and predictability.'" *Parker Land & Cattle Co. v. Wyoming Game & Fish Comm'n*, 845 P.2d 1040, 1043 (Wyo. 1993) (quoting *Allied-Signal, Inc. v. Wyoming State Bd. of Equalization*, 813 P.2d 214, 220 (Wyo. 1991)). However, "[a] statute is ambiguous if it is vague or uncertain and susceptible to more than one reasonable interpretation." *Wyodak*, ¶ 27, 387

P.3d at 732 (citing *RME Petroleum Co. v. Wyoming Dep't of Revenue*, 2007 WY 16, ¶ 25, 150 P.3d 673, 683 (Wyo. 2007)). To discern whether a statute is clear or ambiguous, we examine "the plain and ordinary meaning of the words." *Id.* ¶ 25, 387 P.3d at 732 (quoting *RME*, ¶ 25, 150 P.3d at 683). "If the statutory language is sufficiently clear and unambiguous, the Court simply applies the words according to their ordinary and obvious meaning." *Id.* ¶ 26, 387 P.3d at 732 (quoting *In re CRA*, 2016 WY 24, ¶ 16, 368 P.3d 294, 298 (Wyo. 2016)). Once a statute is determined to be clear and unambiguous, "there is no room for construction, and a court may not look for and impose another meaning." *Adekale v. State*, 2015 WY 30, ¶ 12, 344 P.3d 761, 765 (Wyo. 2015) (citing *Crain v. State*, 2009 WY 128, ¶ 8, 218 P.3d 934, 938 (Wyo. 2009)).

[¶10] As stated above, Wyo. Stat. Ann. § 1-3-118 provides:

> **Right to commence new action.**
>
> If in an action commenced in due time a judgment for the plaintiff is reversed, **or if the plaintiff fails otherwise than upon the merits** and the time limited for the commencement of the action has expired at the date of the reversal or failure, the plaintiff, or his representatives if he dies and if the cause of action survives, may commence a new action within one (1) year after the date of the failure or reversal. This provision also applies to any claim asserted in any pleading by a defendant.

Wyo. Stat. Ann. § 1-3-118 (emphasis added).

[¶11] Mr. Hugus filed his initial lawsuit on the last day of the applicable statute of limitations. By the time his motion for a voluntary dismissal was granted, the statute of limitations had run. He filed this action on July 22, 2020, well outside the statute of limitations but within one year of the November 4, 2019 dismissal of his original action.

[¶12] Mr. Reeder argues a voluntary dismissal, especially in cases where the party who seeks the dismissal after being sanctioned for numerous discovery violations, is not a situation where "the plaintiff fails otherwise than upon the merits." He contends "the Wyoming saving statutes should not be construed as a 'do-over' mechanism which affords lawyers a second chance at litigating a case after repeat[edly] ignoring discovery obligations and court deadlines."

[¶13] We appreciate Mr. Reeder's concerns, but they do not change the language of the statute. As Mr. Reeder notes, some states' saving statutes carve out negligent prosecution of a claim or voluntary dismissal, and in those states the statute does not "save" such actions. *See* Ind. Code Ann. § 34-11-8-1 (negligent prosecution); Iowa Code Ann. § 614.10 (negligent prosecution); N.M. Stat. Ann. § 37-1-14 (negligent prosecution); Mont. Code

4

Ann. § 27-2-407 (saving statute does not apply to a voluntary dismissal); N.Y. C.P.L.R. § 205(a) (same); Or. Rev. Stat. Ann. § 12.220(1) (same); 42 Pa. Stat. and Cons. Stat. Ann. § 5535(a)(2)(ii) (same); 9 R.I. Gen. Laws Ann. § 9-1-22 (same); W. Va. Code Ann. § 55-2-18 (same).

[¶14] As Mr. Hugus points out, other states—such as Ohio, Kansas, Utah, and Oklahoma—employ language similar to or the same as that used in the Wyoming statute— "if the plaintiff fails otherwise than upon the merits." Each of these jurisdictions have held the saving statute will be triggered where failure is based on voluntary dismissal. *Frysinger v. Leech*, 512 N.E.2d 337, 342 (Ohio 1987) ("a voluntary dismissal pursuant to Civ.R. 41(A)(1) constitutes failure 'otherwise than upon the merits' within the meaning of the savings statute"); *Taylor v. Int'l Union of Elec., Elec., Salaried, Mach. & Furniture Workers*, 968 P.2d 685, 689 (Kan. Ct. App. 1998) (holding that plaintiff's voluntary dismissal of lawsuit did not constitute failure "upon the merits," meaning that plaintiff could refile lawsuit under K.S.A. 60-518's saving statute); *Luke v. Bennion*, 106 P. 712, 715 (Utah 1908) ("We are therefore of the opinion that the voluntary dismissal of the action in the justice court was a failure of the action otherwise than upon the merits, and within the meaning of section 2893, and that the court erred in holding the action brought in the district court barred by the statute of limitations."); *Bruner v. Sobel*, ¶ 12, 961 P.2d 815, 818 (Okla. 1998) (Suit "was not time-barred because § 100 gave appellant one year from the first suit's dismissal without prejudice to file a new action against her."); *see generally* 79 A.L.R.2d 1290 (1961).

[¶15] Wyo. Stat. Ann. § 1-3-118 is unambiguous. It contains no "carve outs" or exceptions for voluntary dismissals. "A basic tenet of statutory construction is that omission of words from a statute is considered to be an intentional act by the legislature, and this court will not read words into a statute when the legislature has chosen not to include them." *Merrill v. Jansma*, 2004 WY 26, ¶ 29, 86 P.3d 270, 285 (Wyo. 2004) (citing *Mathewson v. City of Cheyenne*, 2003 WY 10, ¶ 9, 61 P.3d 1229, 1233 (Wyo. 2003)). Once a statute is determined to be clear and unambiguous, "there is no room for construction, and a court may not look for and impose another meaning." *Adekale*, ¶ 12, 344 P.3d at 765 (citing *Crain*, ¶ 8, 218 P.3d at 938). We reverse the district court's determination that the statute does not apply to dismissals without prejudice at the request of the plaintiff and reinstate Mr. Hugus' suit.

[¶16] On appeal, Mr. Reeder renews his argument that, even if the saving statute applies, the new claim for reckless driving and the claims for damages requesting pre- and post-judgment interest and punitive damages should be dismissed from the case. The district court did not reach this issue. Generally, "[s]ince a savings statute extends the time to file because the new action is considered a continuation of the former one, the two actions must be substantially the same." 51 Am. Jur. 2d *Limitation of Actions* § 257 (2021).

5

While a plaintiff's substantial rights or a defendant's liability cannot be enlarged in a renewal action, the renewal action need not be identical to the first one. It has also been said that although the two complaints need not be identical, the allegations must arise out of the same transaction or occurrence, or same operative facts.

*Id.* (footnotes omitted). "The 'saving statute' accords unto a plaintiff who files his second action within one year of the voluntary non-suit of his first suit the same procedural and substantive benefits which were available to the plaintiff in the first action." *Energy Sav. Prod., Inc. v. Carney*, 737 S.W.2d 783, 785 (Tenn. Ct. App. 1987). Whether Mr. Hugus' new action is substantially the same as the former and the measure of appropriate damages, if any, should he prevail, are questions that must be determined in the district court.

### *CONCLUSION*

[¶17] The dismissal of Mr. Hugus' complaint is reversed.